IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONNELL MCCULLOUGH,

    Plaintiff,

  v.                                                       No. CIV 11-0880 MCA/ACT

JAMES LOPEZ WARDEN OF P.N.M.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Case 1:11-cv-00880-MCA-ACT   Document 10   Filed 02/29/12   Page 2 of 3

The complaint alleges that Plaintiff was falsely accused of violating his state parole and then reincarcerated. He also alleges that he has been held in custody beyond the term originally imposed by the state court. For relief, he seeks an order for his prompt release and awarding damages.

Plaintiff's allegations do not present a claim for release from custody that is cognizable in this § 1983 action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court will dismiss Plaintiff's claim for release from custody without prejudice to his rights under the habeas corpus statutes.

Furthermore, no relief is available on Plaintiff's damages claim for unconstitutional incarceration. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citation omitted); *and see Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007). Plaintiff does not allege that his parole revocation has been set aside, *see id*. at 486-87, and thus his allegations fail to state a claim for damages under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see*

*Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE